IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLENN BEDFORD ROSS,** | : | CIVIL NO. 1:CV-10-0926 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **PENNSYLVANIA BOARD OF** | : | |
| **PROBATION AND PAROLE, <u>et al.</u>,** | : | |
| Defendants | | |

## **MEMORANDUM**

Glenn Bedford Ross, at the time an inmate at the State Correctional Institution at Rockview (SCI-Rockview), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Named as Defendants are the Pennsylvania Board of Probation and Parole, Parole Board Chairwoman Catherine McVey, Parole Agent Chad Ishler and Cynthia L. Daub, Deputy Executive Director for the Parole Board.  Also named as Defendants are the following employees of SCI-Rockview: David Durst and Bethanne Burkholder, psychological services associates; Billie Jo Rupert, Unit Manager; and Samuel L. Condo, a corrections counselor.  Presently pending is Defendants' motion to dismiss the complaint (Doc. No. 19).  Also before the Court are Plaintiff's motion for summary judgment (Doc. No. 14) and motion to strike Defendants' motion to dismiss (Doc. No. 29).[1]  For the reasons that follow, Defendants' motion to dismiss will be granted.  Plaintiff will be afforded an opportunity to submit an amended complaint in this action.

---

[1] Plaintiff's motion to strike (Doc. No. 29) will be construed to be a supplement to his brief in opposition to Defendants' motion to dismiss the complaint.  The Clerk of Court will be directed to make the appropriate correction to the docket.  Further, based upon the Court's resolution of the pending motion to dismiss, Plaintiff's motion for summary judgment (Doc. No. 14) will be denied as premature.  The Court also notes that the motion could be deemed withdrawn for failure to file a supporting brief in accordance with M.D. Pa. Local Rule 7.5.

I.      **Allegations in the Complaint**

The complaint submitted by Plaintiff is less than clear. While the Statement of Claim section is less than two (2) pages in length, it is mostly illegible and disjointed. (Doc. No. 1, Compl. at 3-4.) While it is difficult to say, it seems that Plaintiff may be attempting to set forth claims against the Parole Board defendants with respect to a recommendation made that he participate in sex therapy. The facts surrounding this claim are unclear and sparse. It appears that Plaintiff is currently incarcerated on charges of gun possession, and that it has been recommended that he complete sex therapy at the prison. It is unclear as to whether the Parole Board has made this recommendation for the purposes of parole consideration or whether sex therapy has been recommended internally as part of Plaintiff's correctional program plan. The allegations are also unclear with respect to an earlier conviction Plaintiff mentions that he may have had involving the corruption of minors, and upon which the sex therapy recommendation seems to be based. While some of the Defendants are mentioned by name in the complaint, the allegations associated with them make little sense.

In addition to the foregoing, the complaint also references Plaintiff being fired from his prison job and removed from welding school. He also generally alleges that he was denied medical attention. Facts with respect to these allegations are lacking. Further, Plaintiff fails to associate any particular defendant or period of time with these claims. At one point, Plaintiff also seeks his release from prison. Plaintiff would like declaratory relief in the nature of a recognition by the Court that "they are violating and abusing their authority by telling the jail to harass him." (Id. at 2.) Further, he requests medical treatment and to be allowed to go home.

**II.     Motion to Dismiss Standard**

On a motion to dismiss, this Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the [plaintiff], and determine whether, under any reasonable reading of the complaint, the [plaintiff] may be entitled to relief." Kerchner v. Obama, 612 F.3d 204, 207 (3d Cir. 2010) (quoted case omitted).  A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. .R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Although detailed factual allegations are not required, Twombly, 550 U.S. at 93, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570; see also Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 556).  "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'"  Id., 127 S. Ct. at 1965 (quoted case omitted).

However, courts are cautioned that because of this liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).  The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v.

Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).  However, leave to amend under Rule 15 may be denied in cases of (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment.  See Foman, 371 U.S. at 182; see also Arthur v. Maersk, Inc., 434 F.3d 196, 204-05 (3d Cir. 2006) (stating that "leave to amend must generally be granted unless equitable considerations render it otherwise unjust"); see also Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (stating "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment") (citations and internal quotation marks omitted); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (summarizing factors to consider under Rule 15).

**III.    Discussion**

Defendants have filed a motion to dismiss the complaint and in support thereof cite to the confusing and, at times, totally illegible nature of Plaintiff's submission.  They maintain that the pleading fails to meet the "short and plain statement" requirement of Fed. R. Civ. P. 8(a) due to this fact.  They argue that based upon the complaint, as submitted, there are no facts alleged to state a claim for relief that is plausible on its face.  While he does complain about being recommended for sex therapy and also about losing his prison job, neither of these claims contain facts showing that such actions, even if true, violate federal law.  With respect to the inadequate medical care claim set forth, there are no facts in the complaint which show that any named Defendant was deliberately indifferent to a serious medical need.  Defendants also argue that any claims set forth against the Pennsylvania Board of Probation and Parole are barred by

the Eleventh Amendment.  Both of Defendants' arguments are well-taken.

First, a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit."  Alabama v. Pugh, 438 U.S. 781, 782 (1978).  It has been similarly determined by our Court of Appeals for the Third Circuit that the Pennsylvania Board of Probation and Parole cold not be sued because "it is not a 'person' within the meaning of Section 1983."  Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977).

The United States Supreme Court in Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), again concluded that state agencies are not "persons" subject to liability in § 1983 actions brought in federal court.  The Supreme Court observed that a § 1983 suit against a state official's office was "no different from a suit against the State itself."  Id. at 71.  "Will establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court."  Howlett v. Rose, 496 U.S. 356 (1990).

Accordingly, since the Pennsylvania Board is clearly an agency or arm of the Commonwealth of Pennsylvania, it is not a person and may not be sued under § 1983.  See Thompkins v Doe, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000) (a state prison and a department within the prison are not persons and may not be sued under § 1983).

The Court further agrees with Defendants that in its present form, the complaint is subject to dismissal in that it fails to meet the requirements of Fed. R. Civ. P. 8(a)(2), as well as the requirements of Twombly and Iqbal.  In addition, it may even violate Fed. R. Civ. P. 20 which provides, in pertinent part, as follows:

> (A) Permissive Joinder. "All persons may ... be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgement may be given against ... one or more of the defendants according to their respective abilities.

Fed. R. Civ. P. 20(a).

The complaint does not provide facts giving Defendants notice as to the grounds of relief being pursued. Further, it fails to associate claims with particular Defendants. The unintelligible nature of the pleading filed by Plaintiff, complicated by the complete lack of punctuation, makes comprehension of the complaint even more difficult. It has been found that when a complaint of this nature is filed, an order dismissing it under Rule 8 is entirely appropriate. See Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008). For these reasons, Defendants' motion to dismiss will be granted.

However, as is correctly recognized by Defendants, Plaintiff must be provided with an opportunity to submit an amended complaint in this action attempting to state actionable § 1983 claims against properly named defendants in accordance with the above discussion. He will be afforded fourteen (14) days within which to do so. In preparing an amended complaint Plaintiff is advised that he must comply with Fed. R. Civ. P. 8, and set forth at least a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed him. The "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Further, Plaintiff

is cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLENN BEDFORD ROSS,** | : | CIVIL NO. 1:CV-10-0926 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **PENNSYLVANIA BOARD OF** | : | |
| **PROBATION AND PAROLE, et al.,** | : | |
| Defendants | | |

### ORDER

**AND NOW, THIS 7th DAY OF September, 2011,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's Motion to Strike Defendants' Motion to Dismiss (Doc. No. 29) is **construed to be a supplement** to Plaintiff's brief in opposition to Defendants' motion to dismiss. The Clerk of Court is directed to make the appropriate correction to the docket and terminate this filing as a motion.

2. Defendants' Motion to Dismiss the Complaint (Doc. No. 19) is **granted**.

3. Within fourteen (14) days Plaintiff shall file an amended complaint in accordance with the accompanying Memorandum. The amended complaint shall contain the same caption and civil case number that are already assigned to this action and shall stand alone without reference to any other document filed in this matter.

4. The failure to file an amended complaint within the specified time period will result in the dismissal of this action.

5. Plaintiff's motion for summary judgment (Doc. No. 14) is **denied as moot**.

          S/ Yvette Kane_____
          YVETTE KANE, Chief Judge
          Middle District of Pennsylvania