**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GLENN BEDFORD ROSS,** | : | **CIVIL NO. 1:CV-10-0926** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **PENNSYLVANIA BOARD OF** | : | |
| **PROBATION AND PAROLE, et al.,** | : | |
| **Defendants** | | |

<u>**MEMORANDUM**</u>

Glenn Bedford Ross commenced this civil rights action pursuant to 42 U.S.C. § 1983.

Named as Defendants in the original complaint were the Pennsylvania Board of Probation and

Parole, Parole Board Chairwoman Catherine McVey, Parole Agent Chad Ishler and Cynthia L.

Daub, Deputy Executive Director for the Parole Board.  Also named were the following

employees of SCI-Rockview, Plaintiff's place of incarceration: David Durst and Bethanne

Burkholder, psychological services associates; Billie Jo Rupert, Unit Manager; and Samuel L.

Condo, a corrections counselor.  On September 7, 2011, this Court granted Defendants' motion

to dismiss the complaint and directed Plaintiff to file an amended complaint in this action.  (Doc.

No. 32.)  An amended complaint was thereafter submitted and names three (3) of the original

Defendants (Durst, Rupert and Ishler).  Also named as a Defendant is Prison Health Services

("PHS"), a contract health services company.  Presently pending is a motion to dismiss the

amended complaint filed by Defendants Durst, Rupert and Ishler.  (Doc. No. 34.)  Also pending

is Plaintiff's motion for restraining order (Doc. 42.)   For the reasons that follow, the motion to

dismiss will be granted, and the motion for restraining order will be denied as moot.

**I.      Allegations in the Amended Complaint**

In the amended complaint Plaintiff names as Defendants David Durst, a prison psychologist, Billie Jo Rupert, a unit manager, Chad Ishler, a parole agent for the Pennsylvania Board of Probation and Parole, and Prison Health Services, a private company contracted by the Pennsylvania Department of Corrections to provide healthcare to state inmates.[1]  Durst, Rupert and Ishler have filed a motion to dismiss the amended complaint.  In the amended complaint Plaintiff alleges that Durst conspired to injure him by not reporting events "set forth to Authority" and that Durst "agreed to function and support a system of unlawful deception ... by convincing [Plaintiff] to participate in a scheme of common scheme and design . . . ."  (Doc. No. 33 at 3.)  He further contends that this conduct deprived him of his First and Fourteenth Amendment rights.

Plaintiff alleges that Rupert "conspired with Parole Office to ... force [him] to take part in a mission...by treat (sic) into a program not required by directive set forth by the Court ...."  (Id. at 9.)  He also claims that Rupert committed criminal conspiracy in violation of criminal statute 18 Pa. C.S.A. § 903 and made threats in violation of 18 Pa. C.S.A. § 4702.

Plaintiff does not make any specific allegations with respect to Defendant Ishler.  Rather, Plaintiff refers generally to a "Civil Officer" who verbally assaulted him when he refused to attend a program.  He further maintains that the Civil Officer told him if he did not attend the class that he would be denied parole.  Plaintiff also alleges criminal violations including terroristic threats under 18 Pa. C.S.A. § 2706 and fraud under 18 Pa. C.S.A. §§ 4103 and 4104. Plaintiff does not request any specific form of relief.  (Id. at 12-13.)

---

[1] Prison Health Services is added as a defendant in the amended complaint and all other Defendants named in the original complaint have been eliminated by Plaintiff.

2

II.     **Motion to Dismiss Standard**

On a motion to dismiss, this Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the [plaintiff], and determine whether, under any reasonable reading of the complaint, the [plaintiff] may be entitled to relief." Kerchner v. Obama, 612 F.3d 204, 207 (3d Cir. 2010)(quoted case omitted).  A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. .R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Although detailed factual allegations are not required, Twombly, 550 U.S. at 93, the complaint has to plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570; see also Santiago v. Warminster Tp., 629 F.3d 121, 128 (3d Cir. 2010).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)(quoting Twombly, 550 U.S. at 556).  "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'"  Id., 127 S. Ct. at 1965(quoted case omitted).

However, courts are cautioned that because of this liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).  The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v.

<u>Davis</u>, 371 U.S. 178, 182 (1962)(citations and internal quotations omitted).  However, leave to amend under Rule 15 may be denied in cases of (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment.  See <u>Foman</u>, 371 U.S. at 182; <u>see</u> <u>also</u> <u>Arthur v. Maersk, Inc.</u>, 434 F.3d 196, 204-05 (3d Cir. 2006)(stating that "leave to amend must generally be granted unless equitable considerations render it otherwise unjust"); <u>see also</u> <u>Long v. Wilson</u>, 393 F.3d 390, 400 (3d Cir. 2004)(stating "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment")(citations and internal quotation marks omitted); <u>Alvin v. Suzuki</u>, 227 F.3d 107, 121 (3d Cir. 2000)(summarizing factors to consider under Rule 15).

## III.  Discussion

### A.  Motion to Dismiss by Defendants Durst, Rupert and Ishler

Defendants Durst, Rupert and Ishler have filed the instant motion to dismiss the amended complaint in large part on the same basis as their earlier motion to dismiss the original complaint.  They maintain that Plaintiff again fails to set forth actual facts showing that he is entitled to relief, and that his allegations are mostly unintelligible, conclusory and fail to set forth any viable claim of unconstitutional conduct.  After carefully reviewing the amended complaint, the Court must agree.

In order to set forth a cognizable claim of conspiracy, a plaintiff cannot rely on broad or conclusory allegations.  <u>D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.</u>, 972 F.2d 1364, 1377 (3d Cir. 1992); <u>Rose v. Bartle</u>, 871 F.2d 331, 366 (3d Cir. 1989); <u>Durre v. Dempsey</u>,

869 F.2d 543, 545 (10th Cir. 1989).  The Third Circuit has noted that a civil rights conspiracy

claim is sufficiently alleged if the complaint details the following: (1) the conduct that violated

the plaintiff's rights, (2) the time and the place of the conduct, and (3) the identity of the officials

responsible for the conduct.  Oatess v. Sobolevitch, 914 F.2d 428, 432 n. 8 (3d Cir. 1990); see

also, Colburn v. Upper Darby Twp., 838 F.2d 663 (3d Cir. 1988).  The essence of conspiracy is

an agreement or concerted action between individuals.  See D.R. by L.R., 972 F.2d at 1377;

Durre, 869 F.2d at 545.  A plaintiff must therefore allege with particularity and present facts

which show that the purported conspirators reached some understanding or agreement or plotted,

planned and conspired together to deprive plaintiff of a protected federal right.  See id.; Rose,

871 F.2d at 366.  Where a civil rights conspiracy is alleged, there must be specific facts in the

complaint which tend to show a meeting of the minds and some type of concerted activity.  Deck

v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985).  A plaintiff cannot rely on subjective

suspicions and unsupported speculation.  Young v. Kann, 926 F.2d 1396, 1405 n. 16 (3d Cir.

1991).

     Plaintiff has already been provided with an opportunity to submit an amended complaint

in this action.  Viewing the amended complaint in the light most favorable to Plaintiff, he still

fails to state a viable conspiracy claim against Defendants.  His allegations are conclusory and

fail to meet the requirements that a civil rights conspiracy claim contain specific facts that tend

to show a meeting of the minds and concerted activity.  As such, they are subject to dismissal.

     Defendants argue that the remainder of Plaintiff's claims consist of nothing more than

incomprehensible assertions that lack any factual support and assert pure legal conclusions.  As

such, they seek their dismissal.  In responding to Defendants' motion, Plaintiff initially

submitted a sparse brief in opposition (Doc. No. 37), and thereafter a second filing entitled

"Brief in Support of Declaratory Judgement" (Doc. No. 43).  In reviewing the later filing, it

appears that Plaintiff intends it to serve as further opposition to Defendants' motion to dismiss.[2]

In this document, he sets forth for the first time more coherent allegations.  Regardless,

Defendants maintain that Plaintiff  still fails to set forth any viable constitutional claims.

First, Plaintiff appears to allege that Defendant Ishler was negligent when he placed him

in a sex offender program when he was never convicted of committing a sex crime, and that

Defendant Durst was negligent for affirming this decision.  Even if true, Plaintiff fails to state a

claim for the following reasons.  First, a negligent act by a state official does not give rise to

liability under 42 U.S.C. § 1983.  Daniels v. Williams, 474 U.S. 327, 336 (1986); Whitley v.

Albers, 475 U.S. 312, 319 (1986).

Further, it is well-settled that "there is no constitutional or inherent right of a convicted

person to be conditionally released before the expiration of a valid sentence."  Greenholtz v.

Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979).  Likewise, the

Pennsylvania parole statute does not create a liberty interest in the right to be paroled.  Thorpe v.

Grillo, 80 Fed. App'x 215 (3d Cir. 2003)(because there is no constitutional right to parole, any

substantive due process claim is foreclosed); Rodgers v. Parole Agent SCI-Frackville, Wech,

916 F. Supp. 474, 476-77 (E.D. Pa. 1996).  However, the United States Court of Appeals for the

Third Circuit has also held that:

[E]ven if a state statute does not give rise to a liberty interest in parole release

---

[2]  In his filing Plaintiff expressly states that he ". . . is responding to the brief filed by the
defendants on November 13, 2011 asking this Honorable Court to dismiss Plaintiff's Amended
Complaint ...."  (Doc. No. 43 at 3.)

> under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons.

Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980).  Accordingly, even where a state statute grants discretion to the state to condition or completely deny parole, it may not permit "totally arbitrary parole decisions founded on impermissible criteria."  Id.  Consequently, a federal court may review a decision by a state parole board for an abuse of discretion.  Id.  Upon such review, relief will only be available if an applicant can show that parole was arbitrarily denied based on some impermissible reason such as "race, religion, or political beliefs," or that the parole board made its determination based on "frivolous criteria with no rational relationship to the purpose of parole...."  Id. at 236 n. 2.

In the instant case, Plaintiff challenges the Parole Board's recommendation that he complete a sex offender's program because he was not convicted of a sex crime.  He contends that his failure to participate in the program will negatively impact his ability to be released on parole.  However, Plaintiff does not contend that the decision to recommend participation in such a program was based upon any constitutionally impermissible reason such as race, religion or political beliefs.  Further, it is established that the Parole Board may require sex offender therapy even in cases where an inmate was not convicted of, or served time for, a sex crime.  While Plaintiff argues that certain charges against him were dismissed, case law makes clear that recommending a sexual abuse treatment program is a legitimate exercise of the Parole Board's discretion in fulfilling its obligation to ensure that an inmate is suitable for release on parole and serves the legitimate penological objective of rehabilitation. See McKune v. Lile, 536 U.S. 24 (2002); Carter v. Muller, 45 F. Supp. 2d 453, 457 (E.D. Pa. 1999)(requiring Pennsylvania state

inmate to participate in sex offender treatment even though prisoner was not presently serving a sentence for sex crime was nonetheless consistent with Parole Board's duty to ensure suitability for parole).  As such, Plaintiff presents no viable claim against Defendants Durst and Ishler for requiring him to attend sex offender therapy.

Finally, Plaintiff fares no better with respect to any claim against Defendant Rupert for removing him from his prison job as a block worker.  It is well-settled that an inmate does not have a protected liberty or property interest in continued prison employment.  James v. Quinlan, 866 F.2d 627, 629-30 (3d Cir.), cert. denied, 493 U.S. 870 (1989); Bryan v. Werner, 516 F.2d 233, 240 (3d Cir. 1975).  The right to earn wages while incarcerated is a privilege, not a constitutionally guaranteed right.  However, until recently a state or federal law or regulation could create such an interest.  Hewitt v. Helms, 459 U.S. 460, 466, 469-72 (1983)(holding that a liberty interest may arise from state laws or regulations about the treatment of prisoners if such laws or regulations contain words of a mandatory nature which restrict prison officials' discretion).  The Hewitt methodology was rejected in Sandin v. Conner, 515 U.S. 472 (1995).  In Sandin, the Court held that while under certain circumstances states may create liberty interests protected by the Due Process Clause,

> these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . ., nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. at 484 (citations omitted).  Furthermore, although Sandin "did not instruct on the correct methodology for determining when prison regulations create a protected property interest[,]" as opposed to a liberty interest, the "law is well established . . . that an inmate's expectation of

keeping a specific prison job, or any job, does not implicate a protected property interest." Bulger v. United States Bureau of Prison, 65 F.3d 48, 50 (5th Cir. 1995).  See also Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989)(holding inmates have no property interest in continuing in work-release program);  Flittie v. Solem, 827 F.2d 276, 279 (8th Cir. 1987)(holding inmates have no constitutional right to be assigned a particular job); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986)(finding Constitution does not create a property interest in prison employment); Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986)(assigning inmate as law clerk does not invest him with a property interest in continuation as such); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980)(finding inmate's expectation of keeping job does not amount to a property interest subject to due process protections); Bryan, 516 F.2d at 240 (same).  As such, in so far as Plaintiff argues that he has a constitutional right to keep his prison job, no protected property interest is implicated, and he fails to state an actionable claim.  For all of these reasons, the motion to dismiss the amended complaint filed by Defendants Durst, Rupert and Ishler will be granted, and all claims against these Defendants dismissed in their entirety.[3]

**B.      Claims against PHS**

In the amended complaint, Plaintiff also names Prison Health Services as a defendant. PHS was not named as a defendant in the original complaint.  Any claims set forth against PHS in the amended complaint will be dismissed without prejudice pursuant to Fed. R. Civ. P. 20(a) for the following reasons.

In screening Plaintiff's original complaint, he was advised that any amended complaint

---

[3]  The Court also notes that to the extent Plaintiff seeks to pursue criminal charges against Defendants, a civil rights complaint filed pursuant to 42 U.S.C. § 1983 is not the proper mechanism for doing so.

must be in strict compliance with Fed. R. Civ. P. 8(a)(2), as well as Fed. R. Civ. P. 20(a)(2).

Rule 20(a)(2) provides, in relevant part, as follows:

> **(a)** **Persons Who May Join or Be Joined.**
> **(2)** **Defendants.** Persons . . . may be joined in one action as defendants if:
>
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>>
>> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).   The claims asserted against PHS in the amended complaint are completely unrelated to the other claims set forth therein.  They involve the ongoing denial of the right to health care to Plaintiff for his "H.C. virus."  (Doc. No. 33 at 6-7.)  These claims do not arise out of the same transaction, occurrence or series of transactions or occurrences asserted against the other Defendants and have no questions of fact or law common to the other Defendants in this action.   Plaintiff must pursue these claims in a separate civil rights action.  To permit him to join these claims in the instant matter would not only be in violation of Rule 20(a), but would enable Plaintiff to circumvent the filing fee requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), by allowing Plaintiff to combine in one complaint separate, independent claims.  For these reasons, the claims set forth against PHS will be dismissed, without prejudice to Plaintiff to pursue such claims in a new civil rights action.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **GLENN BEDFORD ROSS,** | : | **CIVIL NO. 1:CV-10-0926** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **PENNSYLVANIA BOARD OF** | : | |
| **PROBATION AND PAROLE, et al.,** | : | |
| **Defendants** | : | |

## <u>ORDER</u>

**AND NOW, THIS 16th DAY OF AUGUST, 2012,** in accordance with the foregoing

Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.    The motion to dismiss the amended complaint filed by Defendants Durst, Ishler
and Rupert (Doc. No. 34) is **granted**.  The claims set forth against these
Defendants are dismissed in their entirety.

2.    The claims set forth in the amended complaint against Defendant PHS are
**dismissed without prejudice** pursuant to Fed. R. Civ. P. 20(a)(2).

3.    Plaintiff's motion for restraining order (Doc. No. 42) is **denied as moot**.

4.    The Clerk of Court is directed to **close this case**.

5.    Any appeal taken from this order will be deemed frivolous, without probable
cause and not taken in good faith.


S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania